IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

VINCENT ELLIOT WILSON,
   Plaintiff,

v.                   Civil No. 3:22cv662 (DJN)

CAPTAIN BURGESS #685, *et al.*,
   Defendants.

## MEMORANDUM OPINION

Vincent Elliot Wilson, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation of Wilson's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons stated below, the Complaint, (ECF No. 1), and the action will be DISMISSED.

### I.  PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines that the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. §§ 1915(e)(2), 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va.

---

[1]  The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983.

1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a court accepts the plaintiff's well-pleaded allegations as true and views the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). The plaintiff cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, the plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable," *id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or

complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while a court must liberally construe *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint, *Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.   SUMMARY OF ALLEGATIONS AND CLAIMS

In his Complaint, Wilson names as Defendants: Captain Burgess #685, the Assistant Director of Corrections, and Beth Arthur, the Sheriff of the Arlington County Detention Center. (ECF No. 1, at 1–2.) Wilson alleges the following:[2]

> It was the Defendants' idea or somebody that I couldn't go to the quarantine block, and I was harmed by their actions. January 13, 2022, on Thursday at approximately 3:30 p.m. on unit 11A cell #12. I got a Corona–19 test and it came back positive. The Defendants broke policy, procedure, protocol, and the vaccine rules making me sick, failing to protect my health, not sending me to quarantine unit when I went off grounds on 10–7–21, 11–5–21, 12–1–21, and 1–11–22. Discriminating [against] me, denying me equal opportunities, and failing to protect my health and safety, the jail's heavy-handed implementation for inmates, showing a "deliberate indifference" to my health including failing to take comprehensive, timely, and proper steps to stem the spread of the virus and keep placing me in the same cell I got sick in. All the above shows cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution, violating my constitutional and civil rights like everyone else has.

(*Id.* at 7.) Wilson also provides the following supplemental details:

---

[2]   The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in the quotations from the Complaint.

> 6. The Plaintiff tested positive for Covid–19 on Thursday, January 13, 2022, at approximately 3:30 p.m.
> 7. The Plaintiff went off grounds on 10–7–21, 12–1–21, and to Arlington Court 11–5–21 and 1–11–22.
> 8. The Plaintiff was denied [the ability] to go to quarantine unit like all the other inmates.
> 9. The Plaintiff had to do approximately 10 days on the medical unit after test came back positive.
> 10. The lieutenant told Plaintiff that the Captain said no basically about going to the quarantine unit and that he is fine where he's at.

(*Id.* at 9.) Wilson contends that Defendants violated his Eighth Amendment rights by "not allowing Plaintiff to go to the quarantine unit after off ground appointments" in violation of Detention Center "vaccine rules and protocol" and "failing to take comprehensive, timely, and proper steps to stem the spread of the virus." (*Id.* at 10.) Wilson asks for monetary damages. (*Id.* at 11.)

### III.   ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of Wilson's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims") (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). Wilson's Complaint will be dismissed for failing to state a claim for relief and as frivolous.

### A.   No Personal Involvement

First, in order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676 (citations omitted). Rather, to state a legally

sufficient claim for an alleged violation of a federal constitutional right, "[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted personally in the deprivation of the plaintiff['s] rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks omitted); *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (noting that liability is "personal, based upon each defendant's own constitutional violations").

Wilson contends that Sheriff Arthur and Captain Burgess are liable for the conduct of unnamed officers who did not put Wilson in quarantine. Wilson fails to allege any facts that would suggest that Sheriff Arthur acted personally in the deprivation of Wilson's constitutional rights. Instead, Wilson attempts to impose liability on Defendant Arthur solely because she is the sheriff for Arlington County. Because Wilson alleges that Defendant Arthur should be held liable under a theory of *respondent superior* simply based on her position, he fails to state a cognizable claim for relief. *Iqbal*, 556 U.S. at 676.[3] For this reason alone, Wilson's claims against Defendant Arthur can be DISMISSED.

With respect to Captain Burgess, Wilson indicates that a "lieutenant told Plaintiff that . . . Captain [Burgess] said no basically about [Plaintiff] going to the quarantine unit." (ECF No. 1,

---

[3] To the extent that Wilson contends that Defendant Arthur is somehow liable under a theory of supervisory liability, that claim would also fail. To allege a claim that a supervising officer failed to fulfill her duties to protect an inmate by ensuring her subordinates act within the law, the inmate must show:

> (1) that the supervisor had actual or constructive knowledge that h[er] subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

5

at 9.) Wilson never specifies, but the Court assumes that "the Captain" he refers to is Captain Burgess. So assuming, Wilson alleges that Captain Burgess was personally involved in the decision to not send Wilson to quarantine. Nevertheless, the Court need not engage in an extended discussion of Captain Burgess's personal involvement in the deprivation of Wilson's rights, because Wilson's underlying claim lacks merit.

### B. Fourteenth Amendment Claim

Because Wilson was likely a pretrial detainee and not a convicted prisoner at the time that Defendants allegedly "show[ed] 'deliberate indifference' to [his] health," (ECF No. 1, at 7), the Fourteenth Amendment, not the Eighth Amendment, governs his claims, *Moss v. Harwood*, 19 F.4th 614, 624 (4th Cir. 2021) (citing *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988)); *Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021). "The due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner." *Martin*, 849 F.2d at 870. Therefore, "a pretrial detainee makes out a violation [of the Fourteenth Amendment] at least where 'he shows deliberate indifference to serious medical needs' under cases interpreting the Eighth Amendment." *Mays*, 992 F.3d at 300 (quoting *Gentile*, 849 F.2d at 870).[4] To allege an Eighth Amendment claim, an inmate must allege facts that (1) objectively indicate that the deprivation suffered or harm inflicted "was 'sufficiently

---

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks and citations omitted). Wilson fails to allege facts that support any one of these three factors. Accordingly, Wilson has failed to state a claim for supervisory liability.

[4] It is not entirely clear whether Wilson intends to allege a claim based on a denial of adequate medical care concerning his COVID–19 infection or an unlawful condition of confinement. Ultimately, however, such distinction is of no import, because Wilson fails to allege that he suffered any harm from Defendants' actions. *See Westmoreland v. Brown*, 883 F. Supp. 67, 72 (E.D. Va. 1995) (requiring pretrial detainee to show substantial risk of harm to allege unlawful conditions of confinement under the Fourteenth Amendment).

serious,' and (2) subjectively indicate that the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). With respect to the denial of adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A medical need is "serious" if it "'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)).

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle*, 429 U.S. at 105–06).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions

7

were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

Wilson fails to allege facts supporting either the objective or subjective component of a Fourteenth Amendment claim. Wilson contends that he left the jail for appointments and court in October, November, December and January. (ECF No. 1, at 7.) Clearly, Wilson did not contract COVID–19 after the dates in October, November, or December, and the Court fails to discern why Wilson included these dates in his Complaint. Wilson alleges that he left the jail on January 11, 2022, and then tested positive for COVID–19 on January 13, 2022. (*Id.*) Wilson contends that Defendants made him stay in a cell in the medical unit for ten days instead of sending him to quarantine. It is unclear if Wilson faults Defendants for not placing him in quarantine after his appointment and before he tested positive for COVID–19, or if he faults Defendants for not sending him to quarantine after he tested positive. Either way, the Court fails to discern, and Wilson fails to explain, how either choice violated his constitutional rights. Further, Wilson does not plausibly suggest that he suffered any injury, much less a serious or significant physical or emotional injury, resulting from being housed in the medical unit instead of in the quarantine unit.[5]

Moreover, Wilson fails to allege facts that would suggest that Defendants knew of and disregarded an excessive risk to Wilson's health or safety by housing him in the medical unit, instead of moving him to quarantine. *See Farmer*, 511 U.S. at 837. Rather, it seems prudent to have continued housing Wilson in the same place in the medical unit after it was discovered that

---

[5] Based on the facts alleged in his Complaint, the inmates housed around Wilson in the medical unit, not Wilson, may have suffered harm from being housed near an inmate infected with COVID–19. Moreover, if Wilson intends to allege that he should have been sent to the quarantine unit after his appointment on January 11, 2022, Wilson misunderstands the point of quarantine. The quarantine unit was not to protect Wilson but to protect other inmates from Wilson.

he had contracted COVID–19 instead of moving him around the jail. In sum, Wilson fails to allege facts that would plausibly suggest a violation of his Fourteenth Amendment rights. Thus, Wilson's claim will be DISMISSED for failure to state a claim and as frivolous.

## IV. CONCLUSION

Wilson's claim will be DISMISSED for failure to state a claim and as frivolous. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Wilson.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: March 14, 2023